IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



| | |
|---|---|
| VICTORIA POTTS | PLAINTIFF |
| vs. | CASE NO.: 3:15-cv-678 CWR-FKB |
| COVENANT DOVE, LLC d/b/a TRINITY MISSION HEALTH & REHAB OF CLINTON, LLC; PRO-NURSE, LLC and MICHAEL GRAVES, Individually; INFINITY HEALTHCARE, LLC and COURTNEY BRIDGES, Individually | DEFENDANTS |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Victoria Potts ("Plaintiff"), is an employee of Defendants, Covenant Dove, LLC d/b/a Trinity Mission Health & Rehab of Clinton, LLC (hereinafter "Trinity"); Pro-Nurse, LLC; Infinity Healthcare, LLC; Michael Graves, Individually and Courtney Bridges, Individually (hereinafter collectively referred to as "Defendants"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA").

### NATURE OF SUIT

1. Congress passed the FLSA in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages, oppressive working hours, and labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay a statutory minimum on time may be so detrimental to the maintenance of a minimum standard of living

necessary for health, efficiency, and general well-being of workers and the free flow of commerce that double payment must be made in the event of delay in order to ensure the restoration of workers to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. This action is brought under the FLSA to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and any other relief this Court deems just and appropriate.

3. Additionally, Plaintiff seeks a declaration of rights pursuant to Fed.R.Civ.P. 57 and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

## PARTIES

4. Plaintiff, Victoria Potts, is a licensed practical nurse (hereinafter "LPN") and performs related activities for Defendants in Hinds County, Mississippi.

5. Defendant, Covenant Dove, LLC d/b/a Trinity Mission Health & Rehab of Clinton, LLC, is a limited liability company that operates and conducts business, among others, Hinds County, Mississippi; therefore, venue is proper in the Southern District of Mississippi, Northern Division.

6. Defendant, Pro-Nurse, LLC is a limited liability company that operates and conducts business in, among others, Hinds County, Mississippi; therefore, venue is proper in the Southern District of Mississippi, Northern Division.

7. Defendant, Infinity Healthcare, LLC, is a limited liability company that operates and conducts business in, among others, Hinds County, Mississippi; therefore venue is proper in the Southern District of Mississippi, Northern Division.

8. Defendant, Michael Graves, is an individual who, upon information and belief, lives and resides in the State of Mississippi, and conducts business in Hinds County, Mississippi; therefore, venue is proper in the Southern District of Mississippi, Northern Division.

9. Defendant, Courtney Bridges, is an individual who, upon information and belief lives and resides in the States of Mississippi, and conducts business in Hinds County, Mississippi; therefore, venue is proper in the Southern District of Mississippi, Northern Division.

10. At all material times hereto, Defendants were "joint employers" of Plaintiff within the meaning of the FLSA.

11. At all material times hereto, Defendants operated and continues to operate as a "joint enterprise" within the meaning of the FLSA.

12. At all material times hereto, Defendants operated and continues to operate as an "integrated enterprise" within the meaning of the FLSA.

13. At all material times hereto, Defendants jointly employed the same employees, in the same or similar role, simultaneously as one joint enterprise.

## JURISDICTION

14. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA, 29 U.S.C. §201, *et. seq*.

15. The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## COVERAGE

16. At all material times during the last three (3) years, Plaintiff was employed by Defendants as "employee(s)" as defined by 29 U.S.C. § 201, *et. seq*

17. At all material times, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

18. At all material times relevant to this action, Defendants were collectively a joint enterprise "engaged in commerce," within the meaning of the FLSA.

19. At all material times relevant to this action, Defendants' annual gross volume of sales made or business done is not less than Five Hundred Thousand and 0/100 dollars ($500,000.00).

20. At all material times, Defendants were considered an "employer" as defined by 29 U.S.C. § 203(d).

21. At all times relevant to this action, Michael Graves, was an individual resident of the State of Mississippi, who owns and operates Pro-Nurse, LLC, and who regularly exercised the authority to: (a) hire and fire employees of Pro-Nurse, LLC; (b) determine the work schedules for the employees of Pro-Nurse, LLC; and (c) control the finances and operations of Pro-Nurse, LLC by virtue of having regularly exercised that authority on behalf of Pro-Nurse, LLC, Michael Graves is an employer as defined by 29 U.S.C. §201, *et seq.*

22. At all times relevant to this action, Courtney Bridges, was an individual resident of the State of Mississippi, who owns and operates Infinity Healthcare, LLC, and who regularly exercised the authority to: (a) hire and fire employees of Infinity Healthcare, LLC; (b) determine the work schedules for the employees of Infinity Healthcare, LLC; and (c) control the finances and operations of Infinity Healthcare, LLC by virtue of having regularly exercised that authority on behalf of Infinity Healthcare, LLC, Courtney Bridges is an employer as defined by 29 U.S.C. §201, *et seq.*

23. At all material times relevant to this action, Defendants employed two (2) or more employees engaged in interstate commerce, as Defendants' employees regularly used interstate e-mail, mail, facsimile, and telephone lines to conduct Defendants' business.

24. Additionally, Defendants' employees regularly interacted with interstate clientele, and handled goods which were moved in interstate commerce - including but not limited to, medical supplies, cleaning supplies and equipment, office equipment, etc.

25. In addition, Plaintiff was individually covered by the FLSA as she regularly interacted with interstate clientele, regularly used interstate e-mail, mail, facsimile, and telephone lines in the performance of her job duties, and regularly handled goods that originated out of state.

26. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) hours within a work week.

27. Defendants and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

28. Upon information and belief, the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession, custody and control of Defendants.

## **FACTUAL ALLEGATIONS**

29. Plaintiff is an LPN who works for Defendants and performs duties in Hinds County, Mississippi from approximately July of 2015 to Present.

30. Plaintiff was paid an hourly rate of pay in exchange for work performed.

31. Defendants provide a range of nursing and rehabilitation services for individuals who may need short stay recovery or require long-term care.

32. Defendant, Michel Graves, is a manager who was responsible for the overall business operations and sets the administrative policies of the Defendant, Pro-Nurse, LLC.

33. Defendant, Courtney Bridges, is a manager who was responsible for the overall business operations and sets the administrative policies of the Defendant, Infinity Healthcare, LLC.

34. Defendants purport to contract with individuals to provide the healthcare services associated with the clients' individual needs and physician requirements.

35. Defendants purport to call these individuals "independent contractors," not employees, thereby avoiding any obligation to pay payroll taxes, workers' compensation insurance, health insurance, unemployment insurance, overtime, and other such benefits.

36. These so-called independent contractors are assigned a client list and what healthcare services each client requires as well as the duration of time each client is allotted for services provided by the Defendants each week.

37. Plaintiff is then required to report to work to service client at specific times and spend the client's allotted time performing the healthcare services as directed by the Defendants.

38. All of the medical equipment and supplies used by the Plaintiff is provided either by the Defendants or the client.

39. There is virtually no opportunity for the plaintiff contractor to work for any other healthcare companies or to perform any other LPN work while working as "contractor" for Defendants.

40. Plaintiff routinely worked in excess of forty (40) hours per week as part of her regular job duties.

41. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff overtime compensation at a rate of time and a half her regular rate of pay for hours worked over forty in a workweek.

42. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION

43. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-42 above.

44. Plaintiff is entitled to be paid time and one- half her regular rate of pay for each hour worked in excess of forty (40) hours per work week.

45. During her employment with Defendants, Plaintiff regularly worked overtime hours but was not paid time and one half compensation for same.

46. Specifically, Defendants misclassified Plaintiff as an independent contractor and paid her the regular hourly rate of pay for all hours worked in a week.

47. In addition, Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

48. Defendants acted with direct control over the work, pay, and job duties of Plaintiff.

49. Defendants supervised and controlled Plaintiff's work schedule and/or conditions of employment

7

50. Defendants determined Plaintiff's rate and method of payment.

51. Also, Defendants failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

52. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half her regular rate of pay for each hour worked in excess of forty (40) hours per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs

53. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

54. Plaintiff, Victoria Potts, demands judgment against Defendants for the payment of all overtime hours at one and one-half times the regular rate of pay for the hours worked by her for which Defendants did not properly compensate her, liquidated damages, or if liquidated damages are not awarded then prejudgment and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

55. Plaintiff demands a trial by jury.

## COUNT II - QUANTUM MERUIT

56. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-42 above.

57. During various times during the last three (3) years, Defendants hired Plaintiff to provide healthcare services in various counties throughout the state.

58. The individuals it hired, including the named plaintiff, were classified as "independent contractors."

59. While Defendants classified Plaintiff as an "independent contractor," the nature of the services she performed, and the manner in which she performed these services, made it clear that she was actually an employee.

60. Defendants were in complete control of the manner in which Plaintiff, classified as an "independent contractor", performed her services.

61. The "independent contractor" provided a benefit to Defendants by performing work as an employee under the law, often worked more than forty (40) hours a week while providing services for Defendants, but was never provided with time and one half her regular rate of pay for hours worked greater than forty (40) hours in a week.

62. Although the "independent contractor" was actually an employee, Defendants failed to pay for that benefit by misclassifying Plaintiff as an independent contractor and not paying their share of Plaintiff's social security and Medicare taxes.

63. As a result, the "independent contractor" was required to pay self-employment tax calculated at a higher percentage of her earnings than if she was properly classified as an employee.

64. The Defendants' conduct, as set forth above, in avoiding overtime compensation through misclassifying their workers as independent contractors render them liable under the common law doctrine of quantum merit.

65. Plaintiff demands a trial by jury.

## COUNT III - DECLARATORY RELIEF

66. Plaintiff readopts and reincorporates paragraphs 1-42 above as though fully stated herein.

67. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. §1331, as a federal question exists.

68. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

69. Plaintiff may obtain declaratory relief.

70. Defendants jointly employed Plaintiff.

71. Defendants, Pro-Nurse, LLC and Trinity Mission Health & Rehab of Clinton, LLC are an integrated and joint enterprise.

72. Defendants, Infinity Healthcare, Covenant Dove and Trinity Mission Health & Rehab of Clinton, LLC are an integrated and joint enterprise.

73. Defendants Michael Graves and Courtney Bridges are individual employers as defined by 29 U.S.C. § 201, et seq.

74. Plaintiff was individually covered by the FLSA.

75. Defendants failed to properly pay Plaintiff for all the hours worked.

76. Plaintiff is entitled to overtime pursuant to 29 U.S.C. §207(a)(1).

77. Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

78. Defendants did not rely on a good faith defense.

79. Plaintiff is entitled to an equal amount of liquidated damages.

80. It is in the public interest to have these declarations of rights recorded.

81. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

82. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

83. Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

  a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

  b. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per workweek;

  c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

  d. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

  e. Awarding Plaintiff pre-judgment interest;

  f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED, the 17th day of September, 2015.

Respectfully Submitted,
VICTORIA POTTS, PLAINTIFF

CHRISTOPHER W. ESPY, ESQ.

>Christopher W. Espy, Esq. (MSB#: 102424)
>MORGAN & MORGAN
>188 East Capitol Street, Suite 777
>Jackson, Mississippi 39211
>Phone: 601-718-2087
>Fax:    601-718-2102
>Email: cespy@forthepeople.com
>
>**ATTORNEY FOR PLAINTIFF**